Dear Sheriff Layrisson:
Your question to this office is restated herein:
 Is it a violation of R.S. 14:140 for a deputy sheriff to own an interest in or be a director, stockholder or member of a firm providing security services?
Our response to your question is in the affirmative. R.S. 14:140
addresses this matter and provides:
§ 140. Public contract fraud
A. Public contract fraud is committed:
 (1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder, or director; or
 (2) When any member of any public board, body, or commission charged with the custody, control, or expenditure of any public funds votes for or uses his influence to secure any expenditure of such funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, director, or stockholder.
 (3) When any sheriff charged with the duties of enforcing the laws of this state or any political subdivision thereof shall enter into a contract, either written or oral, individually or as a member or stockholder of any partnership, company, or corporation, with any such person whereby such sheriff or partnership, company, or corporation, of which he is a member or stockholder is to perform any services of a law enforcement nature; provided, however, a deputy sheriff may, as an employee only, perform services of a law enforcement nature for any person, partnership, company, or corporation, but only if said deputy sheriff fulfills his employee performance requirements while not on official duty.
 The fact that an expenditure has been made to any party named in Paragraphs (1) and (2) of this Section, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder, or director, shall be presumptive evidence that such person has used his power, position, or influence to secure such expenditure. (Emphasis added).
 B. Whoever commits the crime of public contract fraud shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both.
Our opinions issued from this office indicate that a deputy sheriff may not hold an ownership interest in any partnership, company, or corporation where the venture is to perform any services of a law enforcement nature. He may not be a stockholder or member of such an entity, nor may he serve as a director of a company which provides security services. See Attorney General Opinions 97-528 and 81-612.
A deputy sheriff may perform private security work for a firm where such work does not conflict with his regularly assigned hours as deputy sheriff. R.S. 14:140 specifically permits a deputy sheriff to perform this type of work while not on official duty.
Finally, Attorney General Opinion 97-80 is recalled as inconsistent with the language of R.S. 14:140.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: February 28, 2003
OPINION NUMBER 81-612
MAY 27, 1981
71-1-1. . . MUNICIPAL FIRE POLICE CIVIL SERVICE
107. . . SHERIFFS, CONSTABLES MARSHALS, Including Ex-Officio Tax Collectors, rights, powers duties — in general
Police office not prohibited from owning stock in security guard service.
R.S. 14:140 R.S. 1:4
R.S. 33:2500 R.S. 33:2560
Mr. Mitchell M. Evans Attorney at Law P.O. Drawer 32 DeRidder, Louisiana 70634
Dear Mr. Evans:
In your letter of May 12, 1981, you inquired as to the present application of R.S. 14:140. Specifically, you asked if the statute prohibits a full-time municipal police officer from owning or partially owning stock in a security guard service.
Public contract fraud is the subject of R.S. 14:140. Subsection A(3) of the statute provides:
"A. Public contract fraud is committed:
 (3) When any sheriff charged with the duties of enforcing the laws of this state or any political subdivision thereof shall enter into a contract, either written or oral, individually or as a member, company, or corporation, with any such person whereby such sheriff or partnership, company, or corporation, of which he is a member or stockholder is to perform any services of a law enforcement nature; provided however, a deputy sheriff may, as an employee only, perform services of a law enforcement nature for any person, partnership, company, or corporation, but only if said deputy sheriff fulfills his employee performance requirements while not on official duty." (Emphasis supplied)
Act 562 of 1979 amended R.S. 15:150. The amendment deleted deputy sheriffs from the first sentence of Subsection A(3) and added the second sentence concerning off-duty employment of deputy sheriffs. The amendment has allowed for employment of deputy sheriffs in private law enforcement related positions. However, there is still, by implication, a prohibition against their holding more than a mere employee position.
Revised Statute 1:4 sets forth the general principle that, "when the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." The statute in question, R.S. 14:140, mentions only sheriffs and their deputies. The statute does not refer to municipal employees, specifically, police officers. There are no statutes directly prohibiting a police officer from owning stock in a security guard service. The civil service laws, particularly R.S. 33:2500 and 33:2560, prohibit a policeman from committing an act contrary to public interest or policy.
In conclusion, a police officer is not prohibited from owning stock in a security guard service unless a conflict of interest were shown, or unless the employee's outside interest hampered the performance of his official duties.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ________________________ KENNETH C. DEJEAN Assistant Attorney General
KCD:CDY:lg
OPINION NUMBER 97-528
MARCH 26, 1998
SHERIFFS — Constables Marshals, including Ex-Officio Tax Collectors, rights, powers duties, in general
LSA-R.S. 42:61; LSA-R.S. 14:140
Deputy sheriff may not operate or have an interest in any business which performs any services of a law enforcement nature.
Honorable Freddie Pitre, Sr. Sheriff, Parish of Iberville Post Office Drawer 231 Plaquemine, LA 70765-0231
Dear Sheriff Pitre:
Your opinion request directed to this office through Assistant District Attorney Dana Larpenteur has been assigned to me for response.
On November 18, 1997 Kenneth C. DeJean forwarded a copy of your request to R. Gray Sexton, Executive Secretary of the Board of Ethics for Elected Officials, as those issues are within the jurisdiction of that board. See correspondence, attached.
Your question is:
 May a deputy sheriff continue as a commissioned Juvenile Officer for the Sheriff's Office and participate in a joint venture to operate a juvenile facility within the 18th JDC?
We assume this deputy sheriff would in some manner be employed by contract with the Tri-Parish Juvenile Justice District Commission, authorized by LSA-R.S. 15:1096, et seq., to in general do "all things lawfully to provide temporary custodial care, supervision, and education of juveniles." See LSA-R.S. 15:1096.4(B)(3).
This office has previously observed that where an individual enters into a professional service contract, such is not considered to be a job compensated on a salary or a per diem basis, and thus there is no violation of the Louisiana Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq. See Attorney General Opinion 96-359. However, we call your attention to the Louisiana Public Contract Law, LSA-R.S. 14:140, which provides in pertinent part:
A. Public contract fraud is committed:
 (1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which is an officer, stockholder, or director, or
. . .
 (3) When any sheriff charged with the duties of enforcing the laws of this state or any political subdivision thereof shall enter into a contract, either written or oral, individually or as a member or stockholder of any partnership, company or corporation with any such person whereby such sheriff or partnership, company or corporation, of which he is a member or stockholder is to perform any services of a law enforcement nature; provided, however, a deputy sheriff may, as an employee only, perform services of a law enforcement nature for any person, partnership, company, or corporation, but only if said deputy sheriff fulfills his employee performance requirements while not on official duty. (Emphasis added).
Act 562 of 1979 amended LSA-R.S. 14:140. The amendment in relevant part allowed for the employment of deputy sheriffs in private law enforcement related positions. Prior to that time deputy sheriffs had been included in the first sentence of A(3) which prohibits any contractual relationship between the sheriff and any entity performing any services of a law enforcement nature.
Our research indicates that Attorney General Opinions 81-612 and 78-620 (copies of which are attached) are pertinent to your inquiry. Both opinions stand for the proposition that a full or part-time deputy sheriff may not own or partly own stock in any business which performs any services of a law enforcement nature. LSA-R.S. 14:140 has not been legislatively changed since the issuance of these opinions, and we continue to adhere to the conclusions stated therein. Thus, the deputy sheriff referenced in your correspondence may not hold an ownership interest in the facility if the venture is structured to perform services of a law enforcement nature.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: March 26, 1998